HERMAN RABB, PLAINTIFF AND RESPONDENT, v. W. P. ELLISON, INCORPORATED, BUILDER, AND HENRY SINCLAIR, OWNER, DEFENDANTS AND APPELLANTS.

Submitted July 6, 1916—Decided November 22, 1916.

1. By the term "building" as used in section 1 of the Mechanics' Lien law (*Comp. Stat.*, p. 3291) is meant "An edifice constructed for use or convenience, as a house, a church, a shop, &c., attached to and becoming a part of the land itself."

2. A structure of frame and iron attached to land, and designed for professional baseball purposes, and consisting of a grandstand, roofed, floored and in parts enclosed, containing club houses, dressing, bath, heating, locker and toilet rooms, refreshment booths, offices, stairs and seats; bleacher stands having flooring, seats and toilet rooms; and high, tight board fences enclosing the playing field and physically connected with the stands, is a "building" within the meaning of the term as used in section 1 of the Mechanics' Lien law. *Comp. Stat.*, p. 3291.

---

On appeal from the Hudson County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCH-ARD and BLACK.

For the appellants, *Davis & Hastings.*

For the respondent, *George D. Hendrickson.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff below recovered a judgment in a mechanics' lien suit.

The sole question on this appeal is whether the structure upon which the plaintiff's labor and materials were expended is liable for such labor and materials.

We think that question must be answered in the affirmative.

The first section of the Mechanics' Lien law (*Comp. Stat., p.* 3291) provides that—

"Every building hereafter erected or built within this state shall be liable for the payment of any debt contracted and owing to any person for labor performed or materials furnished for the erection and construction thereof, which debt shall be a lien on such building, and on the land whereon it stands, including the lot or curtilage whereon the same is erected."

The question is further narrowed by the fact that the sole contention is that the structure is not a "building" within the meaning of that term as used in that section of the law.

By the term "building" as there used the legislature meant "an edifice constructed for use or convenience, as a house, a church, a shop, &c., attached to and becoming a part of the land itself." *Coddington* v. *Dry Dock Co.,* 31 *N. J. L.* 477.

Now the structure in question is of frame and iron and is designed for the professional baseball purposes of the Newark baseball club of the federal league. It consists of a grandstand, roofed, floored and in parts enclosed, containing club houses, dressing, bath, heating, locker and toilet rooms, refreshment booths, offices, stairs and seats; bleacher stands having flooring, seats and toilet rooms; and high, tight board

fences enclosing the playing field and physically connected with the stands.

Manifestly such a structure is a building within the meaning of that term as defined.

It was constructed by the owner on land for business purposes. It was designed for the shelter, use and convenience of the management of a professional baseball club and their agents, players and patrons. It was a single structure, in part roofed and enclosed, every part of which was essential to the purpose for which it was designed.

The judgment below will be affirmed, with costs.